## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ANTOINE JEROME PETTIFORD, #41011-037  *
           Petitioner

      v.                         *

                                        Criminal No. L-02-0522
                                        Civil Action No. L-05-2321
UNITED STATES OF AMERICA      *      (ECF Exempt)
           Respondent

## MEMORANDUM

      Pending is a 28 U.S.C. § 2255 Motion to Correct Sentence filed by Petitioner Antoine Pettiford ("Pettiford").  Pettiford contends that the Court should grant him a re-sentencing because he was originally sentenced as an Armed Career Criminal, but has since had two of his qualifying convictions vacated by Maryland state courts.  He further argues that two of his remaining convictions cannot be used to sentence him under the Armed Career Criminal Act ("ACCA").  For the reasons stated herein, the Court will, by separate Order, (i) grant Pettiford's motion, and (ii) schedule a re-sentencing hearing in order to determine Pettiford's correct sentence.

## I.      Background

      On March 4, 2004, Pettiford pled guilty to one count of being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g).  At the May 21, 2004 sentencing hearing, the parties agreed, and the Court found, that Pettiford was an Armed Career Criminal under 18 U.S.C. § 924(e).  An Armed Career Criminal is defined as "a person who violates section 922(g) of [Title 18] and has three previous convictions by any court . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).

According to the Presentence Report, Pettiford had five previous convictions for either a violent felony or serious drug offense: (i) possession with intent to manufacture narcotics (May 7, 1993 – Circuit Court for Baltimore City, Maryland, Case No. 893061022); (ii) breaking and entering a dwelling, battery, and assault (October 18, 1994 – District Court for Baltimore City, Maryland, Case No. 863759B1); (iii) second degree assault (July 25, 2001 – District Court for Baltimore City, Maryland, Case No. 016004127322); (iv) possession with intent to distribute cocaine (June 12, 2002 – Circuit Court for Baltimore City, Maryland, Case No. 101032015), and (v) conspiracy to distribute cocaine and possession with intent to distribute cocaine (June 12, 2002 – Circuit Court for Baltimore City, Maryland, Case No. 102059025).

As an Armed Career Criminal, Pettiford was subject to a mandatory minimum sentence of fifteen years imprisonment.  His total offense level was 31 and his criminal history category was VI, resulting in a guideline range of 188-235 months.  See 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4.  The Court sentenced Pettiford to 188 months imprisonment.

Under the Presentence Report, had Pettiford not been an Armed Career Criminal, his total offense level would have been 22, rather than 31.  While his criminal history category would have remained VI, his guideline range would only have been 84-105 months.  Had Pettiford not been an Armed Career Criminal, he also would not have been subject to the fifteen year mandatory minimum sentence.

After being sentenced for being a felon-in-possession of a firearm, Pettiford filed a petition for post-conviction relief in state court seeking to vacate two of his previous convictions. Pettiford's challenged convictions were his June 12, 2002 convictions for (i) conspiracy to distribute cocaine, and (ii) possession with intent to distribute cocaine (Circuit Court for

Baltimore City, Maryland, Case Nos. 101032015 and 102059025).  The state court vacated the judgment of conviction for each of those two offenses.

In his § 2255 petition, Pettiford argues that those vacated convictions entitle him to a resentencing.  Furthermore, he asks that the Court re-evaluate his other three predicate convictions and find that two of them cannot form the basis for an enhanced sentence under § 924(e).  In particular, Pettiford argues that his 2001 assault conviction and 1994 conviction for breaking and entering a dwelling, battery, and assault cannot be used to enhance his sentence under § 924(e).[1]

## II.    Analysis

### A.    A Defendant Sentenced as an Armed Career Criminal Should be Re-Sentenced if Certain Qualifying Convictions are Later Vacated.

Pettiford's § 2255 petition asks whether a defendant who was sentenced as an Armed Career Criminal should be re-sentenced if his qualifying convictions are later vacated.  Considering the issue for the first time in this Circuit, the Court finds that Pettiford should be re-sentenced due to two of his qualifying convictions being vacated after his initial sentencing.

While the Fourth Circuit has not yet addressed this precise question, both it and the Supreme Court have indicated that individuals in Pettiford's position should be granted a re-sentencing if a conviction underlying their original sentence is later vacated.   The Supreme Court first commented on the issue in Custis v. U.S., 511 U.S. 485 (1994).  In Custis, the Court held that federal defendants may not use sentencing proceedings to collaterally attack prior state-court convictions used to enhance § 924(e) sentences.  Id. at 493.  The Custis Court did, however, recognize that defendants could attack prior convictions in state court.  Id. at 497.

---

[1] Pettiford initially argued that a third conviction, his 1993 conviction for possession with intent to manufacture narcotics, could not be used to enhance his sentence.  That argument was later discarded.

Once defendants have successfully attacked their state convictions, they are permitted to "apply for reopening of any federal sentence enhanced by the state sentences." Id.

The Court reinforced that analysis in Daniels v. U.S., 532 U.S. 374 (2001). While the precise holding in Daniels concerned the circumstances in which a motion to vacate, set aside, or correct a sentence may be used to challenge the constitutionality of predicate convictions under §924(e),[2] the Court again commented on whether a defendant should be granted a re-sentencing in response to vacated ACCA-qualifying convictions. In particular, the Court stated that if a defendant successfully challenges a conviction underlying a sentence under § 924(e), "the defendant may then apply for a reopening of his federal sentence." Id. at 382.

Most recently, the Supreme Court explained that its cases applying § 924(e) —Custis and Daniels—assume "that a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." Johnson v. U.S., 533 U.S. 295, 303 (2005). Furthermore, the Court read its earlier decisions as suggesting "that the proper procedure for reducing a federal sentence enhanced on the basis of an invalid conviction is to seek a vacatur of a state conviction, and then proceed through federal habeas." Id. at 313. While this language appeared as dicta, it represents a clear statement on the issue and strongly supports the finding that Pettiford's vacated state-court convictions entitle him to a re-sentencing.

Furthermore, the Fourth Circuit, when reviewing sentences imposed under the career offender guideline, has repeatedly concluded that sentence enhancements based on previous convictions should be reconsidered if those convictions are later vacated. See, U.S. v. Gadsen,

---

[2] Specifically, Daniels held that: (1) with the exception of convictions obtained in violation of a defendant's right to counsel, a motion to vacate, set aside, or correct a sentence is not the proper way of determining whether a predicate conviction was unconstitutionally obtained, and (2) if a predicate ACCA conviction is no longer open to direct or collateral attack in its own right— either because a defendant failed to timely pursue such an attack or because the defendant's attack was unsuccessful—the defendant may not collaterally attack the prior conviction through a motion to vacate, set aside, or correct a sentence. See Daniels, 532 U.S. at 382-83.

332 F.3d 224, 228 n.3 (4th Cir. 2003) (holding that a defendant may apply for a reopening of his federal sentence once he has successfully challenged an underlying conviction); U.S. v. Bacon, 94 F.3d 158, 162 (4th Cir. 1996) (noting that a defendant may "seek review of any federal sentence that was enhanced due to his state conviction" if he has successfully overturned a prior conviction).

Under the career offender guideline, federal district courts are advised to enhance sentences for defendants with two prior felony convictions of either a crime of violence or a controlled substance offense. See Bacon, 94 F.3d at 159 (citing U.S.S.G. § 4B1.1). Because the career offender guideline uses prior convictions to enhance federal sentences, it provides an excellent analogy to the ACCA. Accordingly, this Court gives great weight to the Fourth Circuit's conclusion that "[i]t would be an illogical, if not cruel, gesture for the Supreme Court to invite prisoners to attack their predicate convictions and then inform them that their efforts must go for naught and their enhanced sentences must stand." Gadsen, 332 F.3d at 228 (quoting U.S. v. Payne, 894 F.Supp. 534, 543 (D.Mass. 1995)). Like the Fourth Circuit, this Court does not believe that the Supreme Court would intend such a result.

The Government relies heavily upon U.S. v. Pressley, 359 F.3d 347 (4th Cir. 2004), which held that convictions obtained after a defendant committed a federal offense—but before being sentenced—should not be considered "previous convictions" under the ACCA. Id. at 348. Pressley does not, however, answer whether subsequently vacated convictions entitle a defendant to a re-sentencing. As such, the case is not relevant to the issue now pending before the Court. Gadsen and Bacon are far more analogous to Pettiford's situation.

In addition, the Government argues that a validly imposed sentence should not be disturbed by later developments. In making this point, the Government reasons by analogy to

felon-in-possession prosecutions.  Under the felon-in-possession statute, it is illegal for a

convicted felon to possess either a firearm or ammunition.  18 U.S.C. § 922(g)(1).  Furthermore,

a felon who possesses a firearm remains guilty of the statutorily defined crime even if the

predicate felony conviction is subsequently vacated.  See U.S. v. Kahoe, 134 F.3d 1230, 1235

(4th Cir. 1998).  In such cases, the relevant inquiry is whether the defendant was a felon at the

time he possessed the firearm.  Id.  This rationale does not apply to a sentence enhancement.

Being a career armed criminal is not a crime as defined by the United States Code.  Rather, the

statute provides that a defendant with a specific criminal record will receive an increased

sentence because of the heightened risk of recidivism.  If the defendant does not have the

required record, then his sentence should not be increased.  Based on that distinction, the Kahoe

Court specifically declined to opine whether an individual in Pettiford's situation is entitled to a

re-sentencing. [3]  See Kahoe, 134 F.3d at 1235 n. 2.

Given the clear Supreme Court language on this issue—coupled with the Fourth Circuit's

treatment of vacated convictions under the career offender guideline—this Court aligns itself

with each of the circuit courts that have considered the issue[4] and finds that Pettiford's

subsequently vacated convictions entitle him to a re-sentencing.

**B.      Based on a Re-Examination of His Qualifying Convictions, Pettiford Should
Be Granted a Reduced Sentence**

While Pettiford has had two of his qualifying ACCA convictions successfully vacated,

his record retains three convictions that might enhance his sentence under § 924(e).  At his

---

[3] This reasoning also applies to the Government's citation to illegal re-entry cases.

[4] See U.S. v. Walker, 198 F.3d 811, 813 (11th Cir. 1999) (noting that since Custis was decided, "seven other circuits, all that have considered the issue, have . . . held or indicated . . . that pursuant to federal habeas corpus, a district court may reopen and reduce a federal sentence, once a defendant has, in state court, successfully attacked a prior state conviction, previously used in enhancing the federal sentence.").

original sentencing, Pettiford did not contest his criminal record.  He now argues, however, that

two of his remaining convictions—his 2001 conviction for assault and his 1994 conviction for

breaking and entering a dwelling—are not ACCA predicate offenses.  Consequently, the first

question that must be answered is whether Pettiford may—after failing to do so at his original

sentencing—now argue that certain convictions cannot form the basis for an ACCA sentence.

     The Court finds that Pettiford may now raise that issue.  Requiring a defendant to attack

his predicate convictions, when doing so would not impact his ultimate sentence, would be

inefficient.  At the time of his initial sentencing, even if Pettiford had successfully argued that

neither his 1994 nor 2001 convictions could support an ACCA sentence, he would still have

possessed three qualifying convictions.  Thus, attacking the convictions would not have altered

his sentence and would have wasted valuable judicial resources.  The more efficient rule is to

permit defendants to raise such arguments after they have had other convictions vacated and the

arguments could have an actual impact on their sentences.  Accordingly, Pettiford is now

permitted to argue that his 1994 and 2001 convictions are not predicate offenses under the

ACCA.[5]

     If each of Pettiford's three remaining convictions meets the ACCA's qualifications,

Pettiford's sentence will remain the same and it will be unnecessary to hold a re-sentencing.  If

however, a re-examination of Pettiford's record reveals that any of those convictions does not

support a sentence enhancement under § 924(e), the Court will conduct a re-sentencing.  After

---

[5] Assuming that Pettiford's challenge to these convictions was a part of his § 2255 petition, the Government contends that it is both time and procedurally barred.  That contention is premised on an incorrect view of the case's procedural posture.  Pettiford's § 2255 petition solely concerned the issue of whether his vacated state court convictions entitle him to a re-sentencing. Rather than being part of the § 2255 analysis, the examination of his remaining ACCA qualifying convictions is akin to what would occur at a re-sentencing proceeding.  Consequently, Pettiford's challenge is neither time nor procedurally barred.

reviewing the two convictions Pettiford highlights, the Court concludes that Pettiford's 1994

conviction for breaking and entering a dwelling can support an enhanced sentence under

§ 924(e) but that his 2001 conviction for second degree assault cannot.[6]

      **1.**      **Pettiford's 1994 Conviction for Breaking and Entering a Dwelling**

Pettiford argues that his 1994 conviction may not be used to enhance his sentence under

the ACCA because the only record of the conviction is the court's "trust test copy." A true test

copy is a computer record that uses internal shorthand to record a Maryland district court

conviction and provide certain information about the offense. Here, the true test copy states that

Pettiford was convicted of "B&E DWELLING."

In support of his argument, Pettiford cites a number of cases holding that, in certain

circumstances, sentencing courts may not exclusively rely upon documents similar to the

computer records at issue here. See U.S. v. White, 2007 WL 1988480, at *1 (4th Cir. July 6,

2007); U.S. v. Gutierrez-Ramirez, 405 F.3d 352, 357-58 (5th Cir. 2005); U.S. v. Navidad-

Marcos, 367 F.3d 903, 908-09 (9th Cir. 2004). Each of those cases concerns the use of a

document in determining the underlying facts regarding the offense or conviction. Here,

however, the true test copy computer record would be used only to establish the existence of the

conviction, not any of the specific facts surrounding the offense.[7] The Court finds that a

---

[6] There appears to be some confusion regarding which side carries the burden of proof when re-examining Pettiford's past convictions. Pettiford bears the burden of proof when arguing that his vacated convictions entitle him to a re-sentencing. This is because the argument is presented in a §2255 petition. After the Court determined that Pettiford should be re-sentenced, however, the burden becomes the Government's to establish that each of Pettiford's prior convictions meets the criteria for a sentence enhancement under § 924(e). See U.S. v. Price, 409 F.3d 436, 444 (D.C. Cir. 2005). Moreover, the Government carries the burden of proving any facts that may be relevant in sentencing. Id.

[7] In addition, Pettiford cites a D.C. circuit opinion holding that Maryland district court docket listings could lack "the necessary indicia of reliability for the Government to meet its burden." Price, 409 F.3d at 445. That case can be distinguished from the instant situation. In Price, no court record was presented to the sentencing judge. See Id. at 444. Here, on the other hand, the

Maryland district court true test computer record may be used to establish that a defendant has been convicted of a certain offense.

The above finding is of particular importance given the Supreme Court's pronouncement that under the categorical approach to reviewing potential ACCA qualifying convictions, a court may always examine the elements of a crime.  See Shepard v. U.S., 544 U.S. 13, 16-17 (2005). Under Maryland law, the elements of breaking and entering a dwelling make it a violent felony for purposes of § 924(e).  See U.S. v. Custis, 988 F.2d 1355, 1363 (4th Cir. 1993), aff'd on other grounds 511 U.S. 485 (1994).  Because the true test copy clearly states that Pettiford was convicted of breaking and entering a dwelling, his 1994 conviction may be used to enhance his sentence under § 924(e).

## 2.      Pettiford's 2001 Conviction for Second Degree Assault

Pettiford also contends that the Government failed to establish that his 2001 conviction for second degree assault qualifies as an ACCA predicate.  Under Maryland law, an assault can be committed without the use of force.  See U.S. v. Coleman, 158 F.3d 199, 202-03 (4th Cir. 1998) (en banc).  Thus, a Maryland assault conviction does not automatically qualify as a violent felony under the ACCA.  Id.  When analyzing such a conviction, a sentencing court must look beyond the fact of conviction, and the elements of the crime, and analyze whether the particular offense was a violent felony.  In doing so, courts are permitted to consider other documents, including "facts . . . expressly incorporated into [the] charging document."  U.S. v. Simms, 441 F.3d 313, 317 (4th Cir. 2006).  Courts should not, however, consider facts that are not incorporated into the charging document.  Id.

---

Court does have such a document, the true test copy.  Furthermore, the true test copy is sufficiently reliable to establish the fact of conviction.

The Government contends that Pettiford's 2001 assault qualifies as a violent felony because he allegedly struck a police officer with a closed fist. That allegation, however, neither appears in the charging document nor is incorporated in it. The only evidence that Pettiford struck a police officer is found in the Statement of Probable Cause. In the Fourth Circuit, a statement of probable cause may only provide the basis for an enhancement if it has been incorporated into the charging papers. U.S. v. White, 2007 WL 1988480, at *3-4 (4th Cir. July 6, 2007). Absent that incorporation, a statement of probable cause "lacks any stamp or seal of any Maryland court and bears no indication that it was a sworn statement." Id. Because Pettiford's Statement of Probable Cause was not incorporated into his charging document, the Statement may not be used either to prove that he committed a violent assault or to enhance his sentence. Accordingly, the Court will disregard Pettiford's 2001 assault conviction when evaluating his status as an Armed Career Criminal.

Disregarding Pettiford's 2001 assault conviction—and the two sentences vacated by the Maryland state courts—the Court finds that Pettiford has two remaining ACCA qualifying convictions: (i) his 1993 conviction for possession with intent to manufacture narcotics, and (ii) his 1994 conviction for breaking and entering a dwelling. Because three convictions are required to sentence a defendant as an Armed Career Criminal, Pettiford no longer qualifies as such. Accordingly, Pettiford is entitled to a re-sentencing in order to determine his proper, non-ACCA sentence.[8]

---

[8] It should be noted that while Pettiford no longer qualifies as an armed career criminal, he remains eligible for an enhanced sentence under the career offender guideline. See U.S.S.G. § 4B1.1 (providing enhanced sentences for individuals with two previous convictions of either a crime of violence or a controlled substance offense).

**III.      Conclusion**

For the reasons stated above, the Court finds that Pettiford's vacated convictions entitle him to a re-sentencing.  Furthermore, because his 2001 assault conviction may not be used to impose an ACCA sentence, Pettiford's record now contains two ACCA qualifying convictions. Accordingly, he may not be sentenced under § 924(e).  Pettiford's correct sentence will be determined at his re-sentencing hearing.

Dated this 24th day of November, 2008.

_____/s/_____
Benson Everett Legg
Chief Judge