IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Criminal No. – JFM-02-0522 |
| v. | * | Civil No. – JFM-11-2993 |
| | * | |
| ANTOINE JEROME PETTIFORD | * | |

******

## MEMORANDUM

Antoine Jerome Pettiford has filed an "Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255." On March 4, 2004, he pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Finding that Pettiford was an armed career criminal because he had five prior convictions that qualified either as a "violent felony" or a "serious drug offense," the Honorable Benson E. Legg (to whom Pettiford's criminal case was assigned) sentenced him to a term of imprisonment of 188 months under 18 U.S.C. § 924(e).

On September 7, 2004 the Circuit Court for Baltimore City granted a *coram nobis* petition filed by Pettiford and vacated two of the predicate convictions that led to the enhancement of Pettiford's sentence as an armed career criminal. Pettiford then filed a motion under 28 U.S.C. §2255. Judge Legg granted the motion and resentenced Pettiford to a term of imprisonment of 100 months. Judge Legg found that the granting of the writ of *coram nobis* vacated two of the predicate convictions and that under *Shepard v. United States*, 544 U.S. 13 (2005) and *United States v. Simms*, 441 F.3d 313 (4th Cir. 2006), a third conviction for second-degree assault under Maryland law was not a violent felony under the Armed Career Criminal

1

Act.[1]

Judge Legg's opinion was reversed on appeal. The Fourth Circuit held that the vacatur of two of Pettiford's prior convictions left three remaining convictions, still making Pettiford an armed career criminal, and that Pettiford had procedurally defaulted on the three remaining convictions by not challenging them at his original sentencing or on direct appeal. Further, the Fourth Circuit held that in order to rely on the "actual innocence" exception to the procedural default rule, Pettiford was required to prove that he was "actually innocent" of the predicate crimes of which he remained convicted. The Fourth Circuit remanded the case for sentencing, and upon remand Judge Legg reimposed upon Pettiford the 188 month sentence he had originally imposed.

Thereafter, Pettiford filed a *coram nobis* petition to vacate his assault conviction. Because the State had insufficient evidence to proceed, the assault charge was dismissed. On October 19, 2012, Pettiford filed a second motion to vacate under Section 2255. He claims that because he is not a career offender, the maximum prison sentence to which he was subject was ten years. *See* 18 U.S.C. § 924(a)(2). He bases his claim upon the fact that three of the five predicate convictions had been vacated and that the remaining two predicate convictions are insufficient to trigger the enhanced penalty provided in § 924(e). Although more than one year has passed since Pettiford's conviction became final, his present petition is not time-barred because the vacatur of Pettiford's third conviction is a "new fact" that triggers a new one-year limitations period. *See Johnson v. United States*, 544 U.S. 295, 303 (2005). The Government does not contest that fact. However, the Government does argue that because this is a "second

---

[1] Ironically, it may well be that under current Fourth Circuit law, Pettiford's Maryland second-degree assault charge may not have constituted a "violent felony" for armed career criminal purposes. *See United States v. Bailey*, 2012 U.S. App. LEXIS 23235 (4th Cir. 2012); *United States v. Gomez*, 690 F.3d 194 (4th Cir. 2012).

2

successive" petition, its maintenance requires certification by the Fourth Circuit under 18 U.S.C. § 2255(h). In an October 10, 2012 memorandum and order that he issued ("October 10th letter order"), Judge Legg rejected this argument. Relying upon *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011), Judge Legg held that because the ground for Pettiford's new Section 2255 petition did not exist at the time that he filed his original petition, the new petition is not "second or successive." In so holding, Judge Legg recognized that a different rule prevails in the Seventh Circuit: certification by the Court of Appeals as necessary for a new petition and, if a defendant is seeking a vacatur of a prior sentence, he should so allege in his initial petition and seek a stay of a ruling on his petition (or at least upon the portion of the petition relying upon a possible vacatur of a predicate conviction). *See Unthank v. Jett*, 549 F.3d 539 (7th Cir. 2008); *Purvis v. United States*, 662 F.3d 939 (7th Cir. 2011).[2]

I am comfortable with the ruling that Judge Legg made, and I therefore will (without requiring the Fourth Circuit to certify the filing of Pettiford's new petition) rule upon the merits

---

[2] In his October 10th letter order, Judge Legg also asked the parties to submit supplemental briefs on the question of "[w]hether dismissal of Pettiford's assault conviction constitutes actual, factual innocence for purposes of procedural default inquiry." He may have concluded that the Fourth Circuit's opinion reversing his Section 2255 opinion required him to address the issue of actual innocence. However, the Fourth Circuit's discussion of actual innocence was in the context of two convictions that were not vacated, not in the context of the conviction that was vacated. In any event, although the question of "factual innocence" is material to a procedural default issue, here no issue of procedural default exists. The only issues are (1) whether the district court may consider Pettiford's new petition without the filing of the petition having been certified by the Fourth Circuit, and (2) if so, whether the petition should be granted. 18 U.S.C § 924(e)(1) permits an enhanced sentence of greater than ten years only if a defendant has "three previous convictions" for a "violent felony" or a "serious drug offense," regardless of whether the defendant was guilty of the conduct upon which the convictions were based. As it now stands, Pettiford does not have three such convictions, and a sentence of greater than ten years is not authorized by statute even if Pettiford was not "factually innocent" of the three crimes for which he was once convicted. Moreover, because no issue of procedural default or factual innocence exists here, the Government's motion to dismiss Pettiford's "Supplement" (ECF No. 121) is denied.

of that petition.[3] Clearly, his request for relief is meritorious. I recognize, as argued by the Government, that in his plea agreement Pettiford agreed to a minimum fifteen year sentence. However, a defendant may not be incarcerated solely based upon his own agreement, and, unless his Section 2255 petition is granted, Pettiford faces detention beyond the time permitted by 18 U.S.C. § 924 in light of the fact that unquestionably he does not have three or more qualifying predicate convictions that would make him an armed career criminal subject to an enhanced sentence greater than ten years. Therefore, I will grant his petition. However, I will decline to order his release at the present time. Instead, I request the United States to advise me on or before February 14, 2013 if it intends to appeal my ruling and, if so, whether it will join any motion filed by Pettiford with the Fourth Circuit for expedited appellate review.

A separate order follows.

Date: 1/30/13

J. Frederick Motz
United States District Judge

---

[3] I note, however, that applied prospectively, the procedure established by the Seventh Circuit's rulings in *Unthank* and *Purvis* may be preferable in at least three respects: (1) requiring a defendant to promptly file, i.e., within one year, a petition for a writ of *coram nobis*, thereby serving the clear interest of the Antiterrorism and Death Penalty Act in respecting the finality of judgments; (2) providing the prosecutors in the U.S. Attorney's office who have current knowledge about the federal crime for which the defendant was convicted (as opposed to prosecutors who are in the office long after the conviction was obtained) with the opportunity to advise the court in which the *coram nobis* petition is filed that granting the writ may affect the federal sentence that the defendant received; and (3) properly allocating the workload between the district courts and the courts of appeals. Applying that rule to deprive Pettiford of relief, however, would be manifestly unjust because the law up to this point has been unclear and Pettiford faces incarceration beyond the time authorized by statute.